**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JANE FRERES,

     Plaintiff - Appellee,

v.

XYNGULAR, a Delaware corporation,

     Defendant - Appellant.

No. 15-4115
(D.C. No. 2:13-CV-00400-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

After Xyngular fired Jane Freres, she brought a breach of contract action against the company and won. Using a special verdict form the parties had agreed upon, the jury decided Ms. Freres was entitled to attorney fees and left it to the district court to determine the exact amount of fees due after trial. But when Ms. Freres sought that very determination after trial, Xyngular objected, arguing for the first time that Utah law precluded an award of attorney fees as consequential damages. The district court rejected Xyngular's argument as coming too late in the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

day and proceeded to award Ms. Freres the fees she sought. It is this ruling the company now asks us to undo.

We don't see how we might. No litigant can win an appeal by complaining about a putative error by the district court the litigant itself invited. *See United States v. Burson*, 952 F.2d 1196, 1203 (10th Cir. 1991) ("[T]he Invited Error Doctrine . . . prevents a party who induces an erroneous ruling from being able to have it set aside on appeal."). And that much seems to be precisely what is happening here. Xyngular could have objected to the proposed jury instructions permitting fees as consequential damages as inconsistent with Utah law. Instead, it stipulated to those instructions. Later, when during deliberations the jury asked the court to confirm that it could award fees, the district court asked the parties for their views. And once again Xyngular expressly agreed that the jury should be allowed to "put attorneys' fees and a dollar amount. We've already said that that's what consequential damages are." Aplt. App. at 541. In these circumstances it seems to us that, if any possible error might lurk here in the award of attorney fees to Ms. Freres, it could only be an invited one. *See Burson*, 952 F.2d at 1203.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

2